WO        IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RANA MOORE,                )
                           )
            Plaintiff,     )
                           )
    vs.                    )
                           )
KEVIN MCALEENAN, Acting Secretary, )
Department of Homeland Security,   )
                           )        No. 3:18-cv-0307-HRH
            Defendant.     )
_____)

O R D E R

Motion to Dismiss[1]

Defendant moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure. The motion is unopposed by plaintiff. Because defendant's motion is potentially case dispositive, the court has examined the merits of defendant's motion to dismiss.

Plaintiff was hired and then terminated as a Transportation Security Officer. Defendant is alleged to have failed to respond properly to plaintiff's efforts to obtain accommodation for her sensitivity to jet fuel fumes to which she was exposed in a Transportation Security Administration ("TSA") meeting room. Defendant sought plaintiff's resignation and when that was declined, plaintiff was terminated.

Plaintiff's complaint alleges a violation of the Rehabilitation Act, 29 U.S.C. § 791. The court concludes that plaintiff's Rehabilitation Act claim is barred by a provision of the

---

[1]Docket No. 9.

Aviation and Transportation Security Act ("ATSA"), Pub. L. No. 107-71, 115 Stat. 597 (2001). Section 111(d) of the ATSA has been codified as a note to 49 U.S.C. § 44935, which provides:

> [n]otwithstanding any other provision of law, the [TSA] may employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of employment of Federal service for [TSA screeners].

"Every circuit to address the issue has agreed that the language of the ATSA plainly precludes security screeners from bringing suit under certain of the federal employment statutes incorporated under Title 5 of the United States Code, including the Rehabilitation Act." Field v. Napolitano, 663 F.3d 505, 512 (1st Cir. 2011) (collecting cases).

In consideration of the foregoing, the court lacks subject matter jurisdiction of plaintiff's complaint under the Rehabilitation Act, and defendant's Rule 12(b)(1) motion to dismiss is granted. Plaintiff's complaint is dismissed and plaintiff is given leave to amend, on or before May 17, 2019, because it is possible that plaintiff may be able to amend her complaint to assert a claim over which the court would have subject matter jurisdiction.

The court is aware that on May 8, 2019, plaintiff already filed an amended complaint asserting a different cause of action from that which is the subject of this order.[2] This amended complaint is stricken because, having been filed more that twenty-one days after the filing of the instant motion to dismiss, it is untimely under Rule 15(a)(1)(B); and it was not otherwise authorized under Rule 15(a)(2) at the time it was filed.

DATED at Anchorage, Alaska, this 9th day of May, 2019.

/s/ H. Russel Holland
United States District Judge

---

[2]Docket No. 10.