WO    IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RANA MOORE,                              )
                                         )
                    Plaintiff,           )
                                         )
    vs.                                  )
                                         )
KEVIN MCALEENAN, Acting Secretary,       )
Department of Homeland Security,         )
                                         )   No. 3:18-cv-0307-HRH
                    Defendant.           )
_____)

O R D E R

Motion to Dismiss[1]

Defendant Kevin McAleenan moves to dismiss plaintiff's amended complaint. The motion is unopposed by plaintiff. Because defendant's motion is potentially case dispositive, the court has examined the merits of defendant's motion to dismiss.

Background

Plaintiff Rana Moore alleges that she is "of Arabian Race" and that her husband is "of African-American race."[2] Plaintiff alleges that she was hired as a Transportation Security Officer (TSO) on May 3, 2015.[3] She alleges that after her husband brought her lunch on

---

[1]Docket No. 14.

[2]Amended Complaint for Damages at 3, ¶ 11, Docket No. 12.

[3]Id. at 2, ¶ 7.

-1-

November 14, 2015, Sylvia Rehon, Acting Lead TSO, began making comments about interracial relationships and "showed an overt harshness toward" her.[4] Plaintiff also alleges that "Rehon and her supervisor Linda Gangstad" begin asking her "if she would agree to transfer back to a Checkpoint position."[5]

Plaintiff alleges that on December 15, 2015, Rehon "again tried to pressure" her into transferring back to a checkpoint position and that when she refused, "Rehon said she did not want to supervise [plaintiff] anymore."[6] Plaintiff alleges that she then complained to Gangstad about Rehon and that in response, "Gangstad demoted [her] back to the Checkpoint[.]"[7] Plaintiff alleges that her new supervisor told her that "Rehon had wrote very critically about [plaintiff's] performance" but that "her new supervisor thought [plaintiff] was doing a great job."[8]

Plaintiff alleges that on September 27, 2016, she "received a review stating that she 'Achieved Expectations,'" but that "she should have received a higher score on her evaluation because of" an award she had received in March 2016.[9]

Plaintiff alleges that she became ill during a morning meeting on November 2, 2016 because the meeting was being held "in an area where jet fuel fumes are excessive. . . ."[10]

---

[4]Id. at 3, ¶¶ 12-14.

[5]Id. at 3, ¶ 15.

[6]Id. at 4, ¶ 16.

[7]Id. at 4, ¶ 17.

[8]Id. at 4, ¶ 17.

[9]Id. at 4, ¶¶ 18-19.

[10]Id. at 4, ¶ 20.

Plaintiff alleges that "[s]everal TSA managers" failed to "proactively respond" to her distress during the morning meeting on November 2.[11] Plaintiff alleges that she complained to TSM Spindler, who started a "semi-investigation" into her complaint.[12] Plaintiff alleges that she also filed a complaint with OSHA.[13]

Plaintiff alleges that on December 20, 2016, "TSA management demanded that [she] quit her job or she would be fired."[14] She alleges that "[w]hen [she] refused to quit her job, TSA management proceeded to look for reasons to fire her."[15] Plaintiff alleges that on January 12, 2017, she was terminated based "on incidents that happened after December 20, 2016. . . ."[16] Plaintiff alleges that Spindler was the one who asked her to resign at the December 20, 2016 meeting[17] and that he was present at the meeting on January 12, 2017 when she was terminated.[18] Plaintiff alleges that Rehon influenced Spindler to treat her differently because Rehon and Spindler were friends.[19]

Based on these allegations, plaintiff asserts a Title VII racial discrimination claim pursuant to 42 U.S.C. § 2000e-2(A)(1).

---

[11] Id. at 5, ¶ 22.

[12] Id. at 5, ¶ 23.

[13] Id. at 5, ¶ 24.

[14] Id. at 5, ¶ 27.

[15] Id. at 5, ¶ 27.

[16] Id. at 5-6, ¶¶ 28-29.

[17] Id. at 6, ¶ 34.

[18] Id. at 5, ¶ 28.

[19] Id. at 6, ¶ 33.

Pursuant to Rules 12(b)(1) and (6), Federal Rules of Civil Procedure, defendant now moves to dismiss plaintiff's amended complaint.

Discussion

Although defendant relies on Rule 12(b)(1) as well as Rule 12(b)(6), the court has treated the instant motion as a Rule 12(b)(6) motion only because it does not involve any jurisdictional issues. "'To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Zixiang Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678). "The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully." Id. "'Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 678). "[T]he complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" In re Rigel Pharmaceuticals, Inc. Securities Litig., 697 F.3d 869, 875 (9th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "In evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." Adams v. U.S. Forest Srvc., 671 F.3d 1138, 1142-43 (9th Cir. 2012). "However, the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations." In re Tracht Gut, LLC, 836 F.3d 1146, 1150 (9th Cir. 2016).

As an initial matter, plaintiff's amended complaint must be dismissed because plaintiff has not stated a plausible Section 2000e-2 claim. Section 2000e-2 precludes an "employer" from discriminating against employees on the basis of race. 42 U.S.C. § 2000e-2. However, the United States is excluded from the definition of "employer" for purposes of Section 2000e-2. 42 U.S.C. § 2000e(b). Former federal employees such as plaintiff must bring Title VII claims pursuant to 42 U.S.C. § 2000e-16, not 42 U.S.C. § 2000e-2.

But even if the court were to construe plaintiff's Title VII claim as a claim brought pursuant to Section 2000e-16, this claim would still have to be dismissed because it is not clear that plaintiff has exhausted her administrative remedies. Although "administrative exhaustion under Title VII" is not "a jurisdictional requirement per se[,]" a federal employee must "exhaust h[er] administrative remedies as a precondition to filing suit." Vinieratos v. United States, Dep't of Air Force Through Aldridge, 939 F.2d 762, 768 and n.5 (9th Cir. 1991).

> Title VII requires that a federal employee file an informal complaint with
>
>> an Equal Employment Opportunity ("EEO") counselor within 45 days of the alleged discrimination, and a written complaint must be filed with the agency within 15 days of a final interview with the EEO counselor. 29 C.F.R. §§ 1614.105(a); 106(b). If the employee then takes the case to the Equal Employment Opportunity Commission ("EEOC"), a complaint must be filed with the EEOC within 30 days of receipt of the final decision of her agency. 29 C.F.R. 1614.402(a). If the federal employee is dissatisfied with the results of the EEOC proceedings, the employee may file an action in federal court within 90 days of notice of the final decision or, if the EEOC has not reached a final decision, after 180 days have elapsed from the date of filing with the EEOC. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407.
>
> Abille v. England, Case No. C03-5393RSM, 2005 WL 1427698, at *2 (W.D. Wash. June 15, 2005).

In her amended complaint, plaintiff alleges that she has exhausted her administrative remedies because she filed her court complaint more than 180 days after she filed her complaint with the EEOC.[20] Plaintiff does not allege on what date she filed her formal complaint with the EEOC but she alleges that the 180 days expired on July 13, 2016.[21] This is an impossibility, given that plaintiff alleges that the discriminatory action in this case took place on January 12, 2017.[22]

Moreover, the evidence offered by defendant does not establish that plaintiff has exhausted her administrative remedies.[23] This evidence shows that plaintiff contacted an EEO counselor on January 4, 2017.[24] On March 22, 2017, plaintiff was advised that she could file a formal complaint with TSA.[25] Plaintiff timely filed her formal complaint with TSA on April 3, 2017,[26] and on May 9, 2017, TSA advised plaintiff that it would be investigating her allegations of discrimination.[27] On October 16, 2017, plaintiff requested

---

[20] Amended Complaint for Damages at 2, ¶ 4, Docket No. 12.

[21] Id. at 2, ¶ 4.

[22] Id. at 2, ¶ 3.

[23] The court can consider this evidence without converting the instant motion into a motion for summary judgment. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

[24] Exhibit 1 at 1, Notice of Errata [etc.], Docket No. 16. While this suggests that plaintiff contacted the EEO counselor prior to being terminated, in her informal complaint made to TSA, plaintiff contended that she had been terminated on December 20, 2016. Id. at 2.

[25] Exhibit 2, Notice of Errata [etc.], Docket No. 16.

[26] Exhibit 3 at 1, Notice of Errata [etc.], Docket No. 16.

[27] Exhibit 4 at 1, Notice of Errata [etc.], Docket No. 16.

a hearing before an EEOC administrative judge.[28] On July 23, 2018, plaintiff withdrew her request for a hearing because she wanted to pursue her claim in federal court.[29] The EEOC closed plaintiff's case on August 15, 2018.[30] And, plaintiff filed her complaint in this court on December 27, 2018. But what is missing is any indication as to when plaintiff filed her complaint with the EEOC and whether TSA ever issued a final decision on plaintiff's formal complaint. Without this information, the court cannot determine whether plaintiff has exhausted her administrative remedies.

Defendant also argues that plaintiff's Title VII claim should be dismissed as implausible because plaintiff has not alleged sufficient factual support for such a claim. "[A]n employer is liable under Title VII . . . when it subjects an employee to disparate treatment." Reynaga v. Roseburg Forest Products, 847 F.3d 678, 690 (9th Cir. 2017). "[T]he plaintiff in a disparate treatment case must show the employer's intent to discriminate[.]" McGinest v. GTE Service Corp., 360 F.3d 1103, 1122 (9th Cir. 2004) (citation omitted).

Plaintiff has alleged that Rehon was racially biased against her, that Rehon influenced Spindler because they were friends, and that Spindler was involved in her termination. While these allegations are tenuous at best, the court cannot conclude that plaintiff's Title VII claim, if properly pled as a Section 2000e-16 claim, would be implausible.

## Conclusion

Defendant's motion to dismiss is granted. Plaintiff's amended complaint is dismissed without prejudice. Although plaintiff has twice failed to state plausible claims, the court will

---

[28]Exhibit 5 at 1, Notice of Errata [etc.], Docket No. 16.

[29]Exhibit 6 at 1, Notice of Errata [etc.], Docket No. 16.

[30]Exhibit 7 at 1, Notice of Errata [etc.], Docket No. 16.

give plaintiff one more opportunity to amend her complaint. Should plaintiff elect to file a second amended complaint, she shall file it on or before July 17, 2019.

DATED at Anchorage, Alaska, this <u>3rd</u> day of July, 2019.

<u>/s/ H. Russel Holland</u>
United States District Judge